UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARLEY SCHRAMM,

    Petitioner,

    v.

STATE OF WASHINGTON,

    Respondent.

Case No. C05-5623RJB

ORDER TO AMEND

    This 28 U.S.C. § 2255 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. In reviewing the petition prior to service the court notes that petitioner has failed to name a proper respondent and petitioner does not indicate he ever presented his petition to the state supreme court. Both these items must be addressed before the court considers service of the petition.

    Petitioner names only the state of Washington as a respondent. 28 U.S.C. § 2243 indicates that writs are to be directed "to the person having custody of the person detained". This person typically is the superintendent of the facility in which the petitioner is incarcerated. Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Petitioner will need to file an amended petition that names the proper respondent.

    There is nothing in the petition to indicate petitioner ever filed for review in the state supreme court. In order to satisfy the exhaustion requirement, petitioner's issues must have been fairly

ORDER- 1

presented to the state's highest court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1985). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. <u>Duncan v. Henry</u>, 513 U.S.364, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal issue were before the state courts or that a somewhat similar state law claim was made. <u>Id</u>, *citing* <u>Picard v. Connor</u>, 404 U.S. 270 (1971) and <u>Anderson v. Harless</u>, 459 U.S. 4 (1982). A federal court faced with an unexhausted petition dismisses the petition, without prejudice, so that the petitioner has an opportunity to exhaust the issues in state court. <u>Rose v, Lundy</u>, 455 U.S. 509, 522 (1982).

Petitioner will need to amend the petition to show the issues he is attempting to raise were before the state supreme court. Accordingly, the court orders petitioner to amend the petition to cure these defects. An amended petition must be received on or before **November 11th, 2005** or the court will recommend that this petition be dismissed without prejudice as unexhausted and for lack of jurisdiction.

The clerk is directed to send copies of this order to petitioner and to note the **November 11th, 2005** due date.

DATED this 3rd day of October, 2005.

Karen L. Strombom
United States Magistrate Judge

ORDER- 2