UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARLEY SCHRAM,

    Petitioner,

    v.

SCOTT FRAKES,

    Respondent.

Case No. C05-5623RJB

REPORT AND RECOMMENDATION

**NOTED FOR:**
**February 17th, 2006**

INTRODUCTION AND SUMMARY CONCLUSION

This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  Petitioner has filed a motion to withdraw his petition without prejudice.  (Dkt. # 14).

FACTS

Petitioner seeks to exhaust his claims in state court.

DISCUSSION

Exhaustion of State Remedies.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

REPORT AND RECOMMENDATION - 1

Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). No claim in this petition was presented to Washington State's highest court as a violation of a federal constitutional right. A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S.364, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982). Petitioner's claims are currently in state court. Thus, the claims in this petition are unexhausted. A federal court faced with an unexhausted petition dismisses the petition, without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court. Rose v. Lundy, 455 U.S. 509, 522 (1982). Petitioner should be given that opportunity.

## CONCLUSION

Based on the foregoing discussion, the Court should **DISMISS** the petition **WITHOUT PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 17th, 2006**, as noted in the caption.

DATED this 23rd day of January, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2